IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ATLANTIC CASUALTY INSURANCE )
COMPANY, )
    Plaintiff, )
)
v. ) Civil Action No. 11-939
)
BRENT JESSEE RECORDING & SUPPLY, )
INC., and RYAN INMAN, )
    Defendants. )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                   February 24, 2012

       This is an insurance coverage action. Plaintiff, American Casualty Insurance Company ("ACIC"), seeks a judgment declaring that it has no duty to indemnify or defend defendant Brent Jessee Recording & Supply, Inc. ("Brent Jessee") in a product liability action, <u>Inman v. Technicolor USA, Inc.</u>, Civil Action No. 11-666. Defendant Ryan Inman is the plaintiff in that action, and has been named a defendant in the instant case in order to bind him to the effect of any declaratory judgment.

       ACIC has filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). It claims that the injury alleged in the underlying complaint occurred prior to the inception date of the policy, and that various exclusions apply to bar coverage. Brent Jessee argues

that the exclusions do not apply, that the underlying injury occurred during the relevant period, and that it was covered by prior insurance policies with ACIC.

For the reasons that follow, ACIC's motion will be denied.

I. FACTUAL BACKGROUND

All of the following facts are construed in favor of the non-moving party, Brent Jessee.

A. The Policy

Brent Jessee purchased an insurance policy from ACIC, which was in effect from June 1, 2010 through June 1, 2011 (the "Policy"). ACIC also insured Brent Jessee prior to this period, although the pleadings do not reveal the scope of the previous coverage. ACIC denies that the Policy is a renewal of prior coverage.

The Policy provides coverage for damages the insured becomes legally obligated to pay as a result of "bodily injury." Bodily injury is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." However, coverage for "bodily injury" is limited to those instances where:

> (1) "The 'bodily injury' . . . is caused by an 'occurrence' that takes place in the 'coverage territory'; [and]
>
> (2) The 'bodily injury' or 'property damage' occurs during the policy period . . . ."

The Policy provides that: "Where there is no coverage under this policy, there is no duty to defend any insured. . . . Our determination regarding a defense obligation under this policy may be made on evidence or information extrinsic to any complaint or pleading presented to us."

In addition, the Policy's coverage is qualified by a number of exclusions, two of which are at issue here. One is styled as a "Claims in Process" exclusion. It excludes any claim arising from bodily injury:

> a. which first occurred prior to the inception date of this policy; or
>
> b. which is, or is alleged to be, in the process of occurring as of the inception date of this policy.

The Policy also contains a "Total Pollution Exclusion," which purports to exclude from coverage bodily injury caused by the "discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time."

B. Underlying Lawsuit

On April 11, 2011, Inman filed suit against Brent Jessee along with several other defendants, alleging that he purchased vacuum tubes from the defendants which turned out to

3

contain mercury. According to his complaint, Inman discovered he was suffering from mercury poisoning caused by the defective tubes on or about May 21, 2009.

Brent Jessee timely notified ACIC of the lawsuit. By way of a letter dated June 22, 2011, ACIC notified Brent Jessee that ACIC would not undertake to defend or indemnify it under the Policy.

II. LEGAL STANDARD

A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute, and judgment on the merits may be achieved by focusing on the content of the pleadings, and any facts of which the court may take judicial notice. A motion for judgment on the pleadings may be made at any time after the pleadings are closed. Fed. R. Civ. P. 12(c). Unlike a motion under Rule 12(b), a motion under Rule 12(c) theoretically is directed toward a determination of the substantive merits of the controversy and, consequently, such motion should be granted only where it is clear that the merits of the controversy can be fairly and fully decided in such a summary manner. In re Dreyfus Mut. Funds Fee Litig., 428 F. Supp. 2d 357, 358 (W.D. Pa. 2006); 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 1368. The court must accept as true

all well-pled allegations of fact in the pleadings and draw all reasonable inferences in favor of the party against whom judgment is sought, just as it would when deciding a Rule 12(b)(6) motion. Allstate Prop. & Casualty Ins. Co. v. Squires, 782 F. Supp. 2d 146, 147-148 (W.D. Pa. 2011).

III. DISCUSSION

ACIC has moved for judgment on the pleadings, arguing that it has no duty either to indemnify or defend Brent Jessee due to the "Claims in Process" and "Total Pollution" Exclusions in the Policy. Among other arguments, Brent Jessee insists that the record is not yet complete; specifically, it avers that it held prior coverage with ACIC that may cover this dispute.

The parties agree that the law of Illinois, where Brent Jessee operates and where the Policy was issued, governs the interpretation of the Policy. See Restatement (Second) of Conflict of Laws § 193 (stating that the rights created under a casualty insurance contract "are determined by the local law of the state which the parties understood was to be the principal location of the insured risk"). Under Illinois law, the duty to defend is broader than the duty to indemnify. Pekin Ins. Co. v. Wilson, 930 N.E.2d 1011, 1017 (Ill. 2010). The duty to defend "arises in cases of arguable or potential coverage. That is, an insured need only put the insurer on notice of the claim in

order to trigger the insurer's duty to defend." Keystone Consol. Indus., Inc. v. Employers Ins. Co. of Wausau, 456 F.3d 758, 762 (7th Cir. 2006).

Whether a duty to defend exists is determined by comparing the allegations of the underlying complaint to the insurance policy itself. Pekin, 930 N.E.2d at 1017. "If the complaint 'alleges facts within the coverage of the policy or potentially within the coverage of the policy, the duty to defend has been established.'" Cincinnati Ins. Co. v. Taylor-Morley, Inc., 556 F. Supp. 2d 908, 913 (S.D. Ill. 2008) (quoting Maryland Cas. Co. v. Peppers, 355 N.E.2d 24, 28 (Ill. 1976)). Any doubts as to the extent of coverage are to be resolved in favor of the insured. Del Monte Fresh Produce N.A., Inc. v. Transportation Ins. Co., 500 F.3d 640, 643 (7th Cir. 2007).

    A.    <u>Scope of Coverage and "Claims in Process" Exclusion</u>

Coverage under the Policy is triggered as of the date "bodily injury" occurs, rather than when a claim is submitted. "Bodily injury" may take three forms – bodily injury, sickness, or disease. The Illinois Supreme Court has held that, under a policy triggered by the date of bodily injury, the insurer must provide coverage in a chemical exposure case if any of the three triggers occurs during the policy period. Zurich Ins. Co. v.

Raymark Indus., Inc., 514 N.E.2d 150, 160 (Ill. 1987).[1] "Disease" triggers coverage at the point it becomes manifest; that is, when it becomes "reasonably capable of diagnosis." Id. The effects of the disease are irrelevant after its manifestation; the manifestation is the final trigger. Pak v. Admiral Ins. Co., 2004 WL 2931322 at *8 (N.D. Ill. Dec. 9, 2004).

Here, the allegations in Inman's complaint establish that Inman "learned that he suffers from acute mercury poisoning and/or toxicity" on May 21, 2009. Clearly, on May 21, 2009, the disease was reasonably capable of diagnosis. Thus the disease manifested before the period covered by the Policy.

However, an issue of material fact exists as to whether Brent Jessee was covered by a previous policy, and whether any such previous policy could provide coverage over the injury at issue. Brent Jessee has averred that it was insured by ACIC during prior policy periods, and has also asserted the terms and provisions of those prior policies as a defense to declaratory judgment. Although ACIC argues that the Policy is

---

[1] Although the Zurich decision was based on medical testimony pertaining to asbestos, it has since been applied consistently to all chemical exposure. See, e.g., Ace Am. Ins. Co. v. RC2 Corp., 468 F. Supp. 2d 946, 955 (N.D. Ill. 2008) (exposure to lead), rev'd on other grounds, 600 F.3d 763 (7th Cir. 2010); Pak v. Admiral Ins. Co., 2004 WL 2931322 at *7 (N.D. Ill. Dec. 9, 2004) (weight loss pills causing heart damage).

not a renewal of prior coverage, that is not apparent from the four corners of the Policy. At this stage, the court must accept Brent Jessee's averments as true. It will therefore be given an opportunity to develop the record.

The same genuine issue of material fact prevents the court from finding that the "Claims in Process" exclusion applies to bar coverage. ACIC's argument on this point tracks its position that coverage was not triggered at all. See Boss Mgmt. Servs., Inc. v. Acceptance Ins. Co., No. H-06-2397, 2007 WL 2752700 at *9 (S.D. Tex. Sept. 19, 2007) (analyzing, under Texas law, both coverage trigger and claims-in-process exclusion on the basis of when property damage occurred). For the reasons discussed above, the pleadings do not support a judgment that ACIC does not have a duty to indemnify or defend Brent Jessee.

Because coverage was not triggered under the Policy before the court, and there is an issue of disputed fact as to the existence and scope of prior policy coverage, the court cannot determine at this time whether a "Total Pollution" exclusion, if present in the applicable prior policy, applies.

B. Duty to Defend

Currently, ACIC's responsibility to indemnify has not been determined. Because the potential for coverage exists, however, and Brent Jessee has placed ACIC on notice of this

8

potential, ACIC bears the duty to defend Brent Jessee in the underlying action.

   IV. CONCLUSION

ACIC's motion for judgment on the pleadings will be denied. ACIC must continue to defend its insured, Brent Jessee, in the underlying action. However, this decision does not preclude ACIC from filing a motion for summary judgment on the same issues, upon a more fully developed record.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ATLANTIC CASUALTY INSURANCE )
COMPANY, )
      Plaintiff, )
 )
  v. ) Civil Action No. 11-939
 )
BRENT JESSEE RECORDING & SUPPLY, )
INC., and RYAN INMAN, )
      Defendants. )

ORDER

And now, this 24 day of February, 2012, upon consideration of Plaintiff's Motion for Judgment on the Pleadings [Doc. No. 14], IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT,

/s/ Gary L. Lancaster
Hon. Gary L. Lancaster,
Chief United States District Judge

cc: All Counsel of Record